IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD E. WILLIAMS, DONNY J. HODKINSON, TINA MCDONALD and CAROL JOHNSON, on behalf of themselves and all others similarly situated, | § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. _____ |
| V. | § § | |
| NATIVE OILFIELD SERVICES, LLC, JOHN BARCLAY and WILL SCHMID, | § § § | |
| Defendants. | | |

## COMPLAINT

Plaintiffs Reginald E. Williams, ("Williams"), Donny J. Hodkinson ("Hodkinson"), Tina McDonald ("McDonald") and Carol Johnson ("Johnson") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Complaint against Native Oilfield Services, LLC, ("Native"), John Barclay ("Barclay"), and Will Schmid ("Schmid") (collectively "Defendants") showing in support as follows:

### I.   INTRODUCTION AND SUMMARY

1.  This is a lawsuit to recover unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., on behalf of truck drivers employed by Defendants.

2.  The relevant time period of this lawsuit is August 22, 2009 forward.

3.  The Plaintiffs were employed by Defendants as short haul truck drivers in Defendants' Barnett Shale, Haynesville Shale and Eagle Ford Shale oilfield service operations.

4. Plaintiffs were classified as FLSA non-exempt employees by Defendants and were entitled to overtime compensation for all hours worked over 40 in each and every workweek.

5. However, Defendants failed to pay Plaintiffs overtime compensation for all overtime hours worked. Defendants had a company-wide practice/policy to require Plaintiffs to work off-the-clock/not pay Plaintiffs compensable wait time whereby Plaintiffs were not compensated for all hours worked. For example, Defendants would instruct a typical driver to be present at one of Defendants' two yards to work at a scheduled start time. Although Plaintiffs were present at Defendants' assigned yard and ready, willing and able to perform their duties as drivers at that designated start time, Defendants would not allow Plaintiffs to "clock in" for pay purposes until Defendants were ready for them based on Defendants' operational needs.

6. During the relevant time period of this lawsuit, Defendants employed and continue to employ several drivers with the same job duties, compensation method and FLSA exemption status as Plaintiffs.

7. Like Plaintiffs, these other drivers were/are also the victims of Defendants' policy/plan to require them to work off-the-clock/not pay them for compensable wait time. Along with Plaintiffs, these putative class members were/are not paid overtime compensation for all hours worked over 40 during each and every workweek.

8. On information and belief, Defendants have employed in excess of 120 such drivers within the three year period preceding the filing of this lawsuit.

9. Plaintiffs seek certification of a FLSA collective action for all similarly situated employees who, like Plaintiffs, were not paid overtime compensation for all hours worked over 40 during each and every workweek during the time period relevant to this lawsuit.

10. Plaintiffs and the putative class members seek back wages, liquidated damages, legal fees, costs and all other available remedies as a result of Defendants' violation of Plaintiffs' FLSA rights.

## II.   THE PARTIES, JURISDICTION AND VENUE

### a.   Plaintiff Reginald E. Williams

11. Plaintiff Williams is a former employee of Defendants and is a natural person who resides within the Northern District of Texas.  He has standing to file this lawsuit.  He worked for Defendants at a location within the Northern District of Texas as a driver during times relevant to this lawsuit.

### b.   Plaintiff Donny J. Hodkinson

12. Plaintiff Hodkinson is a former employee of Defendants and is a natural person who resides within the Northern District of Texas.  He has standing to file this lawsuit.  He worked for Defendants at a location within the Northern District of Texas as a driver during times relevant to this lawsuit.

### c.   Plaintiff Tina McDonald

13. Plaintiff McDonald is a former employee of Defendants and is a natural person who resides within the Northern District of Texas.  She has standing to file this lawsuit.  She worked for Defendants at a location within the Northern District of Texas as a driver during times relevant to this lawsuit.

### d.   Plaintiff Carol Johnson

14. Plaintiff Johnson is a former employee of Defendants and is a natural person who resides within the Northern District of Texas.  She has standing to file this lawsuit.  She worked

for Defendants at a location within the Northern District of Texas as a driver during times relevant to this lawsuit.

### e. Putative Class Members

15. The putative collective action members are all current and former drivers who are/were employed by Defendants from August 22, 2009 forward.

16. Like the named Plaintiffs, the putative collective action members are/were classified as FLSA non-exempt employees by Defendants.

17. All of the putative collective action members are similarly situated to Plaintiffs and to one another, within the meaning of Section 216(b) of the FLSA.

### f. Defendant Native Oilfield Services, LLC

18. Defendant Native is a domestic limited liability company with its principal place of operations in the Northern District of Texas.

19. Native is a covered "employer" pursuant to the FLSA.

20. Alternatively, Native is a covered "joint employer" pursuant to the FLSA.

21. Plaintiffs and the putative class members work/worked for Native out of Native's operation yards in Alvarado, Texas and/or Hondo, Texas.

22. Native has agreed to accept service of summons via its attorney, Mr. David O'Dens, Settle Pou, 3333 Lee Parkway, 8th Floor, Dallas, TX 75219.

### g. Defendant John Barclay

23. Defendant Barclay is a natural person and is a member and manager at Native and currently serves as Native's President.

24. Barclay is a covered "employer" under the FLSA.

25. Alternatively, Barclay is a covered "joint employer" pursuant to the FLSA.

26.     Barclay has/had operational control over Native's compliance with the FLSA. As Native's President, Barclay is/was active in the day-to-day business operations of the company and has/had responsibility for Native's compliance with the FLSA with respect to its drivers.

27.     Barclay has/had the power to: hire and fire drivers; supervise and/or control the drivers' work schedules and/or conditions of employment; determine the rate or method of compensation for drivers; and control/maintain drivers' records.

28.     Barclay has agreed to accept service of summons via his attorney, Mr. David O'Dens, Settle Pou, 3333 Lee Parkway, 8th Floor, Dallas, TX 75219.

### h.     Defendant Will Schmid

29.     Defendant Schmid is a natural person and is an officer at Native and currently serves as Native's Vice President of Operations.

30.     Schmid is a covered "employer" under the FLSA.

31.     Alternatively, Schmid is covered "joint employer" pursuant to the FLSA.

32.     As the Vice President of Operations, Schmid is/was active in the day-to-day business operations of the company and has/had responsibility for the Native's compliance with the FLSA with respect to its drivers. Schmid has/had the power to: hire and fire drivers; supervise and/or control the drivers' work schedules and/or conditions of employment; determine the rate or method of compensation for drivers; and control/maintain drivers' employment records.

33.     In fact, Schmid instructed Native dispatchers to not dispatch trucks to drivers at their scheduled work times unless the Native business operations were ready for them. Furthermore, Schmid stated that drivers were not to "clock in" at their scheduled start time

unless Native business operations were ready for them.  Schmid has/had operational control over Defendants' compliance with the FLSA with respect to drivers.

34.   Schmid has agreed to accept service of summons via his attorney, Mr. David O'Dens, Settle Pou, 3333 Lee Parkway, 8th Floor, Dallas, TX 75219.

### i.   **Jurisdiction and Venue**

35.   The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.  During all times relevant to this lawsuit, Defendants have done business in the state of Texas and continue to do business in the state of Texas.

36.   At all times relevant to this lawsuit, Defendants have employed more than two employees and are engaged in interstate commerce.

37.   On information and belief, at all times relevant to this lawsuit, Defendants have had annual gross sales or business volume in excess of $500,000 in connection with the employment of Plaintiffs and the putative class members in Defendants' oilfield operations.

38.   The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiffs base their claims and the claims on behalf of the putative collective action members on federal law, 29 U.S.C. §§ 201, *et seq*.

39.   Venue is proper in the Northern District of Texas because Native maintains business operations in the Northern District of Texas.

40.   Venue is proper in the Dallas Division of the Northern District of Texas because Native's principal place of business in Alvarado, Johnson County, Texas is located in the Dallas Division, and at all times relevant to this lawsuit, has been located within the Dallas Division.

### III.     FACTUAL BACKGROUND

41.     Plaintiffs and the putative collective action members are/were employed by Defendants as truck drivers in Defendants' oilfield operations, including operations in the Barnett Shale, Haynesville Shale and Eagle Ford Shale in Texas.

42.     Defendants provide products and services to the pressure pumping segment of the oil and gas industry and maintain operational yards in Alvarado, Texas and Hondo, Texas. Defendants maintain/station their truck fleets, equipment and primary business operations out of those yards, and drivers are dispatched out of those yards to specific oil and gas wellsites/worksites to provide products and services to Defendants' customers.

43.     Plaintiffs and the putative class members are/were classified as FLSA non-exempt employees by Defendants.  Therefore, Plaintiffs and the putative class members are entitled to overtime compensation for each and every hour worked over 40 in a workweek.

44.     Plaintiffs and the putative collective action members were generally paid an hourly rate.

45.     Plaintiffs and the putative collective action members were not paid time and a half their hourly regular rate of pay for all hours worked over 40 in each and every workweek.

46.     Defendants have/had a company-wide practice/policy to require drivers to work off-the-clock/not pay drivers compensable wait time whereby Plaintiffs and the putative class members are/were not compensated for all hours worked in each and every workweek.

47.     Defendants would instruct a typical driver to be present at one of Defendants' two yards to work at a scheduled set start time as determined by Defendants.  Although drivers would be present at the assigned yard and ready, willing and able to perform their assigned duties at the designated start time, Defendants would not allow drivers to "clock in" for pay purposes until

Defendants were ready for them based on Defendants' operational needs. For example, a typical driver might show up at one of Defendants' yards for a scheduled start time of 7:00 a.m. However, if a truck or customer were not ready for the driver to execute his/her assigned schedule, the driver would not be permitted to "clock in" and was required to wait at Defendants' yard without pay until the truck or customer were ready for the driver to provide Defendants' goods/services.

48. Plaintiffs and the putative class members have substantially similar job duties, compensation methods and FLSA exemption status.

49. Plaintiffs and the putative class members are/were the victims of Defendants' policy/plan to require them to work off-the-clock/not pay them for compensable wait time. Therefore, Plaintiff and the putative class members were not paid overtime compensation for all hours worked over 40 in each and every workweek.

50. On information and belief, Defendants have employed in excess of 120 drivers within the three year period preceding the filing of this lawsuit.

## IV.   CONTROLLING LEGAL RULES

51. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

52. Plaintiffs and the putative collective action members were not "exempt" from the overtime laws.

53. Plaintiffs and the putative collective action members were classified as FLSA "non-exempt" employees by Defendants.

54. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

55. "Workweek" includes "all the time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place." 29 C.F.R. § 785.7.

56. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA.

57. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

## V. FLSA CLAIM FOR OVERTIME PAY

58. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, *et seq*.

59. All conditions precedent to this suit, if any, have been fulfilled.

60. At all material times, Plaintiffs were employees under the FLSA. 29 U.S.C. § 203(e).

61. At all material times, the putative collective action members were similarly situated to the Plaintiffs and to each other and are and/or were employees under the FLSA. 29 U.S.C. § 203(e).

62. At all material times, Defendants were and are eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

63. At times, Plaintiffs and the putative collective action members worked in excess of 40 hours per seven-day workweek in the time period relevant to this lawsuit.

64. At all material times, Plaintiffs and the putative collective action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1).

65. The regular rate of pay must include non-discretionary bonuses for all hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(e); 29 C.F.R. § 778.210.

66. Defendants failed to pay Plaintiffs and putative collective action members overtime compensation at one and one-half times their regular rate of pay for all hours worked over 40 in each and every seven-day workweek.

67. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness). Plaintiffs and the putative collective action members specifically plead recovery for the time period of August 22, 2009 forward.

68. Defendants have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260. Accordingly, Plaintiffs and the putative collective action members are entitled to liquidated damages.

69. Where, as here, "the employers" actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case).

70. Accordingly, Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of "all current and former truck drivers who were employed by Defendants and who were not paid overtime compensation for all hours worked over 40 in any workweek from August 22, 2009 forward due to Defendants requiring those drivers to work off-the-clock/not compensating those drivers for compensable wait time." Plaintiffs reserve the right to establish sub-classes as appropriate in any collective action certification motion or proceeding. Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if

discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI. JURY DEMAND

71. Plaintiffs demand a jury trial.

## VII. DAMAGES AND PRAYER

72. Plaintiffs ask that the court issue a summons for Defendants to appear and answer, and that Plaintiffs and those persons similarly situated to Plaintiffs be awarded a judgment against Defendants for the following:

    a. Actual damages in the amount of unpaid overtime wages;

    b. Liquidated damages under the FLSA;

    c. Pre-judgment and post-judgment interest;

    d. Court costs;

    e. Reasonable attorney's fees; and

    f. All other relief to which Plaintiffs and those similarly situated to Plaintiffs are entitled.

Respectfully submitted,

By: s/ Allen Vaught
Allen R. Vaught
Baron & Budd, P.C.
State Bar No. 24004966
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFFS